UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAMON GERARD WILLIAMS,

v.  Case No. 8:09-cr-116-T-33EAJ
    8:11-cv-427-T-33EAJ

UNITED STATES OF AMERICA.
_____

## O R D E R

This cause is before the Court on Damon Gerard Williams' motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (hereinafter "motion to vacate" or "motion"). (Doc. cv-1; cr-174). The government responded to the motion. (Doc. cv-3). Although invited to do so, Williams did not file a reply to the response.

A review of the record demonstrates that the motion to vacate must be **denied.**

### BACKGROUND

On June 10, 2009, Williams pled guilty, pursuant to a written plea agreement, to conspiring with other persons to possess with intent to distribute and to distribute five hundred grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count One); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 924(c)(1)(A) (Count Three). Docs. cr-1 (Indictment); cr-49 (Plea Agreement); cr-53 (Minute Entry); and cr-162 (Transcript). In his plea agreement, Williams waived his rights to appeal and to attack his sentence collaterally as follows:

> The defendant . . . expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined

> by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

Doc. cr- 49 at 13.

On March 8, 2010, the Court sentenced Williams to 200 months incarceration. Docs. cr-145 (judgment) and cr-163 (transcript). On March 19, 2010, Williams filed a notice of appeal. However, Williams later filed a motion for voluntary dismissal, and on June 23, 2010, the United States Court of Appeals for the Eleventh Circuit dismissed Williams' appeal pursuant to his motion. On March 1, 2011, Williams timely filed the present section 2255 motion raising four grounds for relief. Doc. cv-1 at 5.

## COGNIZABILITY

Title 28 U.S.C. § 2255 authorizes an attack on a sentence on four grounds: (1) it was imposed in violation of the Constitution or laws of the United States; (2) it was imposed without jurisdiction; (3) it was imposed in excess of maximum authorized by law; or (4) it is otherwise subject to collateral attack. 28 U.S.C. § 2255.

Only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *E.g., United States v. Addonizio*, 442 U.S. 178, 184-86 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988). Claims of lesser error are not cognizable--they simply cannot support collateral relief. *See, e.g., id.* Even a defendant's demonstration of cause and actual prejudice, which will allow a defendant to get around procedural bar, does not render an incognizable claim

cognizable. *See id.; see also Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989), *cert. denied*, 494 U.S. 1018 (1990).

Williams is challenging his conviction as unconstitutional based on receiving ineffective assistance of counsel. Ineffective assistance claims are cognizable under 28 U.S.C. § 2255. *See Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004) (ineffective assistance claims should be decided in section 2255 proceedings).

## GUILTY PLEA WAIVER

The right to collaterally challenge a sentence is statutory and can be waived if done so knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). For this Court to enforce such a waiver, the United States need only demonstrate either (1) that the district court specifically questioned the defendant concerning the waiver during the Fed. R. Crim. P. 11 colloquy; or (2) that it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (appeal waiver).

Williams is barred from raising a challenge to the factual basis of his plea in a 28 U.S.C. § 2255 motion either directly or disguised as a claim of ineffective assistance of counsel. *See Wilson v. United States,* 962 F.2d 996, 997 (11th Cir.1992). In the context of a section 2255 motion, "a defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Id.* This waiver includes constitutional claims. *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived); *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990). Moreover, guilty pleas foreclose most claims from collateral

attack. *See United States v. Broce*, 488 U.S. 563, 569 (1989).

A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 proceeding. *See Williams*, 396 F.3d at 1342; *United States v. White*, 307 F.3d 336, 341-44 (5th Cir. 2002); *Garcia-Santos v. United States*, 273 F.3d 506, 508-09 (2d Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451-52 (6th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183-87 (10th Cir. 2001); *Mason v. United States*, 211 F.3d 1065, 1069-70 (7th Cir. 2000). The waiver is enforceable against claims of ineffective assistance of counsel at sentencing, because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams*, 396 F.3d at 1342; *see also Cockerham*, 237 F.3d at 1182 (appeal and collateral attack waiver provision in plea agreement waives the right to section 2255 petition based on ineffective assistance of counsel unless challenge concerns the validity of the plea or waiver); *Mason,* 211 F.3d at 1069 (same).

In particular, if the complaint underlying the ineffective assistance claim was waived by a defendant's plea agreement, then the ineffective assistance claim also was waived. *See Williams*, 396 F.3d at 1342 (acknowledging that exceptions in plea agreement to defendant's waiver of appeal did not apply to the claims raised in the petition); *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) (although "dress[ed] up" as a Sixth Amendment claim, defendant really is challenging the correctness of his sentence under the guidelines and, therefore, is barred by the plain language of his plea agreement; to allow his claim would be to "render[ ] meaningless" such plea agreement waivers). For the reasons explained below, the record plainly demonstrates that Williams expressly waived

4

his right to challenge his sentence either directly, or collaterally, as he attempts to do now.

## DISCUSSION

First, Williams' blanket allegation that he "admitted guilt to charges under duress" is without merit. Doc. cv-1 at 2. After fully reviewing Williams' plea agreement with him, including the charges, penalties, and factual basis, the Court inquired if he were pleading guilty freely and voluntarily, and specifically asked if anyone had forced or coerced him to plead guilty. Williams responded that "yes," he was pleading guilty freely and voluntarily and "no," he had not been forced or coerced. Doc. cr-162 at 46. Williams provides no support showing otherwise.

At the beginning of the change of plea hearing, the Court asked Williams if his initials on each page of the plea agreement and signature on the last page signified he reviewed each page with his lawyer and understood each page of the plea agreement. Williams answered affirmatively. Doc. cr-162 at 17-18. Before concluding the hearing, the Court also asked Williams if anyone had coached him or told him how to testify other than providing truthful answers. Williams responded, "[n]o, sir." When asked by the Court if his answers had been the truth, Williams stated, "[y]es, sir." Doc. cr-162 at 47.

Williams expressly waived his right to appeal his sentence directly or to challenge it collaterally. At his change of plea hearing, the Court conducted a detailed colloquy with Williams, fully explaining the plea waiver contained in Williams' plea agreement. The Court made the following summation and asked Williams if he understood:

> COURT: I want to emphasize paragraph five. First, I will tell you that even though you are pleading guilty, you have a right to appeal your sentence. But under -- and that doesn't include anything relating to the search or anything else, but you

5

|   |   |
|---|---|
|   | have a right to appeal your sentence.<br><br>But under paragraph five, you limit the extent to which you can appeal your sentence. Under paragraph five you can only appeal if the sentence exceeds the guideline range as determined by the Court under the guidelines, or the sentence exceeds the statutory maximum penalty, which in Count Three is life, or the sentence violates the Constitution, which in the Eighth Amendment prohibits excessive fines and cruel and unusual punishment.<br><br>Those are the only three things you can appeal. In particular what you cannot appeal is the way the Court calculates the Sentencing Guidelines. Do you understand that? |
| WILLIAMS: | Yes, sir. |
| COURT: | And furthermore, you cannot come back to this Court at some later time and complain about the calculation either; do you understand that? |
| WILLIAMS: | Yes, sir. |
| COURT: | And that includes being unable to come back and complain that your lawyer is somehow ineffective with respect to the guidelines; do you understand that? |
| WILLIAMS: | Yes, sir. |
| COURT: | Do you have any question about that provision? |
| WILLIAMS: | No, sir. |
| COURT: | And are you agreeing to it freely and voluntarily as part of this plea agreement? |
| WILLIAMS: | Yes, sir. |

Doc. cr-162 at 44-45.

Additionally, in concluding the hearing, the Court found Williams' plea was made

knowingly and voluntarily. Doc. cr-162 at 49. Thus, the record shows Williams expressly waived his right to collaterally challenge his sentence; none of the exceptions to the appeal waiver have been met.

## WILLIAMS' CLAIMS HAVE NO MERIT

<u>Grounds One, Two, and Four -- Ineffective Assistance of Counsel Claims</u>

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); see also *Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984). Ineffectiveness of counsel may be grounds for vacating a conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. Thus, if the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *See Coulter v. Herring*, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

For performance to be deficient, it must be established that, in light of all the

circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690. In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)). Furthermore, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." *Chandler*, 218 F.3d at 1313. This burden of persuasion, though not insurmountable, is a heavy one. *See id.* at 1314. "'Judicial scrutiny of counsel's performance must be highly deferential,'" and courts "must avoid second-guessing counsel's performance." *Id.* at 1314 (quoting *Strickland*, 466 U.S. at 689). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Id.* (quoting *Strickland*, 466 U.S. at 689-90). Therefore, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" *Id.* (quoting *Darden v. Wainwright*, 477 U.S. 168 (1986)).

If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. *See id.* at 1314-15 n.15. Thus, the presumption afforded counsel's performance "is not . . . that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not to do a specific act." *Id.* Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." *Id.*

Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry."

*Id.* at 1315. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." *Id.* To uphold a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." *Id.* at 1315 n.16. Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." *Id.* at 1317. Further, vague, conclusory, speculative, or unsupported claims cannot support an ineffective assistance of counsel claim. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

### Ineffective Assistance of Counsel Claims

In Ground One, Williams claims that his counsel failed to "forewarn" him of "presiding" charges before he entered his guilty plea and misled him in all matters in his criminal case. In Ground Two, Williams alleges counsel failed to request a downward departure, and in Ground Four, he claims counsel denied him an appeal of Court procedures.[1] Doc. cv-1 at 5.

Williams fails to articulate a clear argument in support of any of the ineffective assistance of counsel claims. Such unsupported, vague, and conclusory allegations cannot support claims of ineffective assistance of counsel. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

Because Williams has failed to meet both *Strickland* prongs, his claims of receiving ineffective assistance of counsel do not warrant relief.

### Ground Three

---

[1] Williams does not, and cannot claim, that he asked his attorney to file a notice of appeal and that his attorney failed to do so. A notice of appeal was filed, but Williams voluntarily dismissed the appeal. (See Exhibit 1 -- Unopposed Motion for Voluntary Dismissal (signed by Williams and his attorney); and Exhibit 2-- Entry of Dismissal.

In Ground Three, Williams alleges that the consecutive sentence imposed by the Court is unfair. Doc. cv-1 at 5. Procedural default bars this claim because Williams failed to raise the claim in the District Court prior to judgment in his criminal case and on direct appeal. Ordinarily, claims that previously were available and were not raised on direct appeal are procedurally defaulted and barred from consideration on collateral review absent a showing of cause and actual prejudice or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622-24 (1998); *United States v. Frady*, 456 U.S. 152, 166 (1982); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001), *cert. denied*, 536 U.S. 906 (2002).

To show sufficient cause to overcome the procedural default, Williams must present a showing of some external impediment preventing counsel from constructing or raising the claim. *Weeks v. Jones*, 52 F.3d 1559, 1561 (11th Cir.), *cert. denied*, 514 U.S. 1104 (1995) (citing *McCleskey v. Zant*, 499 U.S. 467 (1991)). The futility of raising a claim does not constitute sufficient cause to excuse the default. *Bousley*, 523 U.S. at 623; *Jones v. United States*, 153 F.3d 1305, 1307-08 (11th Cir. 1998). Ordinary mistakes of counsel do not constitute cognizable cause. *See Murray v. Carrier*, 477 U.S. 478, 487-88 (1986).

Further, "actual prejudice" is prejudice that impacts constitutional or fundamental rights. *United States v. Frady*, 456 U.S. 152, 166 (1982) (citing *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)). The burden of demonstrating actual prejudice is greater than the burden of demonstrating plain error. *Id.*

The Court sentenced Williams to serve 140 months incarceration as to Count One (21 U.S.C. § 846); and 60 months incarceration as to Count Three (18 U.S.C. § 924(c)), to be served consecutively to Count One, as required by 18 U.S.C. § 924(c)(1)(A)&(D)(ii).

Doc. cr-145. The Court did not err when it imposed a consecutive sentence for Williams' Section 924(c) conviction. *See Abbott v. United States*, 131 S. Ct. 18, 23 (2010) (holding that statutory minimum sentence for firearm conviction runs consecutively to statutory minimum sentence for drug conviction); *United States v. Segarra*, 582 F.3d 1269, 1272-73 (11th Cir. 2009) (same), *cert. denied*, 131 S. Ct. 633 (2010). Williams fails to demonstrate cause or actual prejudice for failing to raise this issue previously;

Accordingly, the Court orders:

That Williams' 28 U.S.C. § 2255 motion to vacate (Doc. cv-1; cr-174) is denied. The Clerk is directed to enter judgment against Williams and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that the issues presented were adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not

entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on August 1, 2011.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

AUSA: W. Stephen Muldrow
Damon Gerard Williams